

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSIE BERRY, JACKIE BREWSTER, ALEX BROWN, EDITH BROWN, CATHERINE BROWN, JAMES BROWN, PATSY BROWN, KATIE BUTLER, WILLIE CAMERON, SHANDLIONS CAUTHEN, FRANCES CHATMAN, BOB COTTRELL, RODNEY CRAWFORD, MARIAN DIAL, JAMES EDWARDS, VANESSA GAINES, DENISE GASTON, ELIZABETH GASTON, ALYCE GIBSON, JUANITA GIVENS, MARY HALL, SYCHOIYA HINES, CONSTANCE HOWARD, ROSALYN JEMISON, KENDRA JENNINGS, JOHNNY JOHNSON, LAWRENCE JONES, JAMES JONES, MILTON LEE, ELRIDGE LITTLE, TIMOTHY MABRY, MARGIE MACON, HAROLD MAGBY, BETTY MCDANIEL, JOYCE MCFADDEN, DOLORES MCGRAW, BARBARA MOORE, LAURA MOORE, SHERLESIA MURPHY, LARRY NEAL, MALISSA NEAL, STEVENSON PARKER, CHRISTOPHER PATTERSON, CELESTINE PERDUE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action File No.

(Removed from the Circuit Court for the Tenth Judicial Circuit, Jefferson County, Alabama, Civil Case Number 01-CV-2015-903632) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES PIPE AND FOUNDRY COMPANY, LLC, | ) ) | |

MUELLER WATER PRODUCTS,     )
INC., USP HOLDINGS INC., and    )
FICTITIOUS DEFENDANTS A-C,    )
                                  )
           Defendants.          )

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants United States Pipe and Foundry Company, LLC, Mueller Water Products, Inc., and USP Holdings Inc. ("Defendants") hereby remove this action from the Circuit Court for the Tenth Judicial Circuit, Jefferson County, Alabama, Civil Case Number 01-CV-2015-903632.00 ("State Court Action") to the United States District Court for the Northern District of Alabama.  Removal of the State Court Action is proper because complete diversity of citizenship exists between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.  As grounds for this removal, Defendants respectfully show the Court as follows:

## I.    <u>BACKGROUND</u>

1.    Plaintiffs filed this lawsuit in the Circuit Court for the Tenth Judicial Circuit in Jefferson County, Alabama.  A copy of the Complaint is included in Exhibit A.

2.      Defendant United States Pipe and Foundry Company, LLC ("USPF LLC") accepted service of the Complaint on October 14, 2015.  A copy of USPF LLC's acceptance is attached as Exhibit B.

3.      Mueller Water Products, Inc. accepted service of the Complaint on October 16, 2015.   A copy of Mueller Water Products, Inc.'s acceptance is attached as Exhibit C.

4.      USP Holdings Inc. accepted service of the Complaint on October 14, 2015.  A copy of USP Holdings Inc.'s acceptance is attached as Exhibit D.

5.      Pursuant to 28 U.S.C. § 1446(b), Defendants file this Notice of Removal within thirty (30) days of their acceptance of service of the Complaint in the State Court Action.

6.      Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served in the State Court Action to date are attached to this Notice of Removal as Exhibit A.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants have filed this Notice of Removal with this Court, are serving a copy of this Notice upon the parties of record, and will promptly file a copy in the Circuit Court for the Tenth Judicial Circuit in Jefferson County, Alabama.

8.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined Defendants consent to the removal of the State Court Action.

9.     Plaintiffs have asserted the following claims against Defendants: (1) Count I – Negligence, (2) Count II – Wantonness, (3) Count III – Concealment, Misrepresentation, and Fraud, (4) Count IV – Conspiracy, (5) Count V – Negligence *Per Se*, (6) Count VI – Battery, (7) Count VII – Punitive Damages.

## II.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a).

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

11.     A defendant who removes an action to federal court must provide a "short and plain" statement explaining the grounds for removal.   28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).  "A statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin*, 135 S.Ct. at 551.

### A.   The Citizenship of Plaintiffs and Defendants is Diverse.

12.     As set forth in the Complaint, Plaintiffs reside in the State of Alabama or Ohio.[1]  *See* Ex. A, ¶ 2, Ex. 1.   "[A court] may presume that, until controverted by fact, [plaintiff] is domiciled at his current residence."  *Molinos Valle Del Caibo,*

---

[1] The Complaint also alleges that plaintiff Susie Berry is a citizen of Alabama.  Ex. A, ¶ 2.

*C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011).  Accordingly, plaintiffs are presumed to be domiciled in – and therefore citizens of – Alabama or Ohio.

13.     None of the Defendants is a citizen of the State of Alabama or Ohio.

14.     As set forth in the Complaint, Mueller Water Products, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Ex. A, ¶ 4.  Mueller Water Products, Inc. is therefore a citizen of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

15.     As set forth in the Complaint, USP Holdings Inc. is a Delaware corporation.  Ex. A, ¶ 5.  Its principal place of business is Rosemont, Illinois.  USP Holdings Inc. is therefore a citizen of Delaware and Illinois.   28 U.S.C. § 1332(c)(1).

16.     The Complaint incorrectly asserts that USPF LLC is an Alabama corporation.   Ex. A, ¶ 3.   USPF LLC is a limited liability company.   The citizenship of a limited liability company is determined by the citizenship of its members.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  USPF LLC's only member is USP Holdings Inc., a Delaware corporation with its principal place of business in Rosemont, Illinois. *Supra*, ¶ 15.  USPF LLC, is therefore a citizen of Delaware and Illinois.

17.     Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants A-C is disregarded for purposes of determining whether diversity of citizenship exists.

18.     Accordingly, the controversy between Plaintiffs and Defendants is between citizens of different states, and therefore, complete diversity exists as to Plaintiffs and Defendants.

**B.     The Amount in Controversy Exceeds $75,000.**

19.     A notice of removal must contain a "short and plain" statement explaining the grounds for removal, including the amount in controversy.   28 U.S.C. § 1446(a); *Dart Cherokee Basin,* 135 S.Ct. at 551.   When the plaintiff's complaint does not state an amount in controversy, the notice of removal may do so.  28 U.S.C. § 1446(c)(2)(A); *Dart Cherokee Basin*, 135 S.Ct. at 551.  The notice of removal need include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."   *Dart Cherokee Basin*, 135 S.Ct. at 554. Evidence in support of the allegations in the notice of removal is required only if those allegations are challenged.  *Id.*

20.     A removing defendant need only prove the amount in controversy exceeds the statutory requirement by a preponderance of the evidence.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Where the plaintiff has not specified the amount of damages in its complaint, "a lower burden of proof is

warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

21.    In the present case, Plaintiffs have not specified any amount of alleged damages.

22.    Plaintiffs' Complaint generally seeks compensatory and punitive damages for alleged personal injury purportedly caused by contaminants from pipe-making operations at the former North Birmingham Plant located at 3000 30th Avenue North, Birmingham, Alabama ("Plant"), which closed in 2010.  Ex. A, ¶¶ 1, 15-16.

23.    Specifically, Plaintiffs claim that, as a result of alleged exposure to past emissions from the Plant, each of them has contracted at least one of the "Linked Diseases" identified in the Complaint, among other "significant injuries and damages."  Ex. A, ¶ 69 ("[E]ach Plaintiff has sustained significant injuries and damages, including but not limited to one or more of the Linked Diseases.") (emphasis added).  The Linked Diseases include cancer, cardiovascular illness, neurological disorders, reproductive conditions, and respiratory illness.  *Id.* ¶¶ 48-57.

24.    When unspecified damages claims are at issue, courts may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to evaluate whether the amount in controversy requirement has been met. *Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.*, No. 2:15-cv-1225-WMA, 2015 U.S. Dist. LEXIS 110102, at *3 (N.D. Ala. Aug. 20, 2015) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).  "Among the tools a court may employ are 'judicial experience and common sense,' *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010), and the removing defendant can certainly rely on these tools in assessing the allegations of the complaint itself."  *Gates v. 84 Lumber Co.*, No. 15-0076-WS-N, 2015 U.S. Dist. LEXIS 63689, at *4 (S.D. Ala. May 14, 2015).

25.    Here, each of the 66 Plaintiffs has alleged that he or she contracted one or more "Linked Diseases" – injuries that include cancer and other potentially serious medical conditions.  Judicial experience and common sense indicate that past and future compensatory damages sought for these alleged injuries, along with the claim for punitive damages, easily exceed $75,000.    Ex. A, ¶¶ 73, 79, 87, 99, 106, & 113.

26.    Indeed, cases involving similar claims have resulted in awards significantly in excess of $75,000.  *E.g.*, *Bates v. Stewart*, 99 So. 3d 837 (Ala. 2012) (discussing settlement of toxic tort litigation in which approximately 3,500

plaintiffs alleging negligence, wantonness, breach of a duty to warn, fraud, misrepresentation, deceit, private and public nuisance, trespass, the tort of outrage, common-law strict liability, assault, battery, and negligent and intentional infliction of emotional distress related to chemical releases settled for $300 million, or approximately $85,000/plaintiff); *Monday v. One Stop Envt'l, LLC*, No. CV-09-900856, 2011 WL 4479171 (Ala. Cir. Ct. June 21, 2011) (jury awarded $600,000 to one plaintiff for injuries sustained after she allegedly inhaled chemical constituents found in an industrial cleaner); *Woodward v. Nor-Am Chem. Co.*, No. 94-0780-CB-C, 1996 U.S. Dist. LEXIS 7372 (S.D. Ala. May 23, 1996) (approving class action settlement in which employees exposed to chemicals making them significantly more likely to develop bladder cancer were provided up to $625,000 each). *See also Grimes v. Stewart*, 628 So. 2d 467, 468 (Ala. 1993) (jury awarded one plaintiff a total of $5,250,000 in compensatory damages – $3,000,000 in past damages and $2,250,000 in future damages – and $3,000,000 in punitive damages for exposure to benzene allegedly resulting in plaintiff's leukemia; Alabama Supreme Court reversed denial of defendants' motion for judgment as a matter of law on appeal).

27.    In sum, based on Plaintiffs' generalized claims for personal injury resulting from at least one of the Linked Diseases and punitive damages, the

amount in controversy clearly exceeds $75,000. Consequently, the requisite amount in controversy for federal diversity jurisdiction is present.

28.    Further, pursuant to Rule 42 of the Federal Rules of Civil Procedure, Defendants intend to seek to consolidate, for purposes of discovery, this Action with the twelve other actions removed to this Court from the Circuit Court for the Tenth Judicial Circuit in Jefferson County, Alabama contemporaneously with this case. Those actions were filed in Jefferson County Circuit Court within two days of this Action against the same defendants, asserting virtually identical causes of action based on virtually identical factual allegations concerning the same occurrences.

### III.    CONCLUSION

29.    Defendants respectfully request that this Court assume full jurisdiction over this Action as provided by law because complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000 in accordance with 28 U.S.C. § 1332.

Respectfully submitted, this 13th day of November, 2015.

*/s/ Sharon D. Stuart*
Sharon D. Stuart (asb-8559-r59s)
Michael A. Vercher (asb-4976-h32m)
Irving W. Jones, Jr. (asb-0000-r53g)
Attorneys for Defendants

**OF COUNSEL**
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
205-795-6588
205-328-7234 Fax
sdstuart@csattorneys.com
mavercher@csattorneys.com
iwjones@csattorneys.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSIE BERRY, JACKIE BREWSTER, ALEX BROWN, EDITH BROWN, CATHERINE BROWN, JAMES BROWN, PATSY BROWN, KATIE BUTLER, WILLIE CAMERON, SHANDLIONS CAUTHEN, FRANCES CHATMAN, BOB COTTRELL, RODNEY CRAWFORD, MARIAN DIAL, JAMES EDWARDS, VANESSA GAINES, DENISE GASTON, ELIZABETH GASTON, ALYCE GIBSON, JUANITA GIVENS, MARY HALL, SYCHOIYA HINES, CONSTANCE HOWARD, ROSALYN JEMISON, KENDRA JENNINGS, JOHNNY JOHNSON, LAWRENCE JONES, JAMES JONES, MILTON LEE, ELRIDGE LITTLE, TIMOTHY MABRY, MARGIE MACON, HAROLD MAGBY, BETTY MCDANIEL, JOYCE MCFADDEN, DOLORES MCGRAW, BARBARA MOORE, LAURA MOORE, SHERLESIA MURPHY, LARRY NEAL, MALISSA NEAL, STEVENSON PARKER, CHRISTOPHER PATTERSON, CELESTINE PERDUE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action File No.  (Removed from the Circuit Court for the Tenth Judicial Circuit, Jefferson County, Alabama, Civil Case Number 01-CV-2015-903632) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES PIPE AND FOUNDRY COMPANY, LLC, | ) ) | |

MUELLER WATER PRODUCTS,  )
INC., USP HOLDINGS INC., and  )
FICTITIOUS DEFENDANTS A-C,  )
                                                       )
                      Defendants.       )

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of November, 2015, I have served a copy of the foregoing  upon all counsel of record, via First Class Mail, postage pre-paid, to the following:


Jon C. Conlin, Esq.
R. Andrew Jones, Esq.
CORY WATSON, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
jconlin@corywatson.com
ajones@corywatson.com


                                                 /s/ Sharon D. Stuart
                                                 OF COUNSEL